NO. 07-07-0307-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

NOVEMBER 27, 2007

_____

IN THE MATTER OF THE MARRIAGE OF JEANETTE LYNE BRICKHOUSE,
AND GREGORY T. BRICKHOUSE AND IN THE INTEREST OF
A.B., E.B. AND C.B., CHILDREN
_____

FROM THE 264TH DISTRICT COURT OF BELL COUNTY;

NO. 217,740-D; HONORABLE JOE CARROLL, JUDGE
_____

Before QUINN, C.J., and CAMPBELL and PIRTLE, JJ.

**MEMORANDUM OPINION**

Appellant Gregory Brickhouse filed a notice of restricted appeal from orders entered

on December 27, 2006 in connection with a final divorce decree and child support

obligations. The reporter's record was filed in this Court on July 25, 2007, and the clerk's

record, on August 6, 2007.

By letter of September 27, 2007, this Court reminded appellant that his appellate

brief was past due.  The letter notified appellant that his appeal was subject to dismissal

for want of prosecution unless his brief was filed, along with a motion for extension of time,

by October 8, 2007. On October 2, appellant filed a motion to dismiss his appeal, but the motion was not accompanied by a certificate of conference or the required filing fee. Tex. R. App. P. 5, 10.1(a)(5). By letter dated October 23, 2007, we notified appellant that until these defects were corrected, we would not consider the motion. We also reminded appellant that his appeal remained subject to dismissal for want of prosecution.

An appellate court may dismiss an appeal for want of prosecution if an appellant fails to timely file a brief unless the appellant reasonably explains the failure and the appellee is not significantly injured by the failure. Tex. R. App. P. 38.8(a)(1). On its own motion, with ten days notice to the parties, an appellate court may dismiss a civil appeal for want of prosecution or failure to comply with a notice from the clerk requiring a response or other action within a specified time. Tex. R. App. P. 42.3(b),(c). Here the record reveals appellant Brickhouse has not filed a brief or a motion for extension by the date specified by the Court, despite notice that his failure to do so would subject the appeal to dismissal. We further find the Court has given the parties the required ten days notice.

Accordingly, we now dismiss Brickhouse's appeal for want of prosecution and failure to comply with a notice from the Court. *See* Tex. R. App. P. 38.8(a)(1); 42.3(b),(c).

James T. Campbell
Justice